UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

KAAREN TEUBER; JIM K. BURG;
RICKY L. GRUNDEN;

    *Plaintiffs*,

v.

STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor and Presiding Officer of the Texas Senate; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas; BOYDE RICHIE, in his official capacity as Chair of the Texas Democratic Party; STEVE MUNISTERI, in his official capacity as Chair of the Texas Republican Party; GARY LOCKE, in his official capacity as United States Secretary of Commerce; and ROBERT GROVES, in his official capacity as Director of the United States Bureau of the Census;

    *Defendants*.

CIVIL ACTION NO.

4:11-CV-00059-RAS

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF, AND DESIGNATION OF A THREE-JUDGE COURT

2

TO THE HONORABLE COURT:

COME NOW Kaaren Teuber, Jim K. Burg, and Ricky L. Grunden ("Plaintiffs") and files this their Original Complaint and Request for Injunctive and Declaratory Relief and Designation of a Three-Judge Court against the State of Texas; Rick Perry, in his official capacity as Governor of the State of Texas; David Dewhurst, in his official capacity as Lieutenant Governor and Presiding Officer of the Texas Senate; Joe Straus, in his official capacity as Speaker of the Texas House of Representatives; Hope Andrade, in her official capacity as Secretary of State of the State of Texas; Boyd Richie, in his official capacity as Chair of the Texas Democratic Party; Steve Munisteri, in his official capacity as Chair of the Texas Republican Party (collectively "State Defendants"); Gary Locke, in his official capacity as the United States Secretary of Commerce; and Robert Groves, in his official capacity as the Director of the United States Bureau of the Census (collectively "Federal Defendants"). In support thereof, Plaintiffs respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff Kaaren Teuber is a citizen and registered voter who resides and is domiciled in Grayson County, Texas. Her address is 326 South Main; Van Alstyne, Texas 75495.

2. Plaintiff Jim K. Burg is a citizen and registered voter who resides and is domiciled in Denton County, Texas. His address is 1 Fairway Drive; Frisco, Texas 75034.

3. Plaintiff Ricky L. Grunden is a citizen and registered voter who resides and is domiciled in Denton County, Texas. His address is 9620 Jim Christal Road; Krum, Texas 76249.

4. Defendants are the State of Texas and officials thereof who have duties and responsibilities under the laws of the state to redistrict congressional and state legislative districts in Texas following the release of the decennial census. Defendants may be served by delivering a

copy of the summons and the complaint to the chief executive officer of the State through the Texas Secretary of State at P.O. Box 12887; Austin, Texas 78711-2887; or at 1019 Brazos Street; Austin, Texas 78701.

5. Defendant Rick Perry is the Governor of the State of Texas and, under Article IV, Section I, of the Constitution of the State of Texas, is the chief executive officer of the Defendant State of Texas. He is sued in his official capacity. Defendant Perry may be served by delivering a copy of the summons and the complaint to the Texas Secretary of State at P.O. Box 12887; Austin, Texas 78711-2887; or at 1019 Brazos Street; Austin, Texas 78701.

6. Defendant David Dewhurst is the Lieutenant Governor of Texas. Under Article IV, Section 16, of the Constitution of the State of Texas, he is the Presiding Officer of the Texas Senate. He is sued in his official capacity. Defendant Dewhurst may be served by delivering a copy of the summons and the complaint to the Texas Secretary of State at P.O. Box 12887; Austin, Texas 78711-2887; or at 1019 Brazos Street; Austin, Texas 78701.

7. Defendant Joe Straus is the Speaker of the Texas House of Representatives and is presiding officer over the Texas House of Representatives. Defendant Straus may be served by delivering a copy of the summons and the complaint to the Texas Secretary of State at P.O. Box 12887; Austin, Texas 78711-2887; or at 1019 Brazos Street; Austin, Texas 78701.

8. Defendant Hope Andrade is the Secretary of State for the state of Texas and is responsible under the laws of the state to oversee the conduct of elections. Defendant Andrade may be served by delivering a copy of the summons and the complaint to he Texas Secretary of State at P.O. Box 12887; Austin, Texas 78711-2887; or at 1019 Brazos Street; Austin, Texas 78701.

9. Defendant Boyd Richie is the Chairperson of the Texas Democratic Party, and as chair has the authority under Texas law to authorize his political party to hold primary elections. Defendant

Richie may be served by delivering a copy of the summons and the complaint to The Texas Democratic Party at 505 West 12th Street, Suite 200; Austin, Texas 78701.

10.     Defendant Steve Munisteri is the Chairperson of the Texas Republican Party, and as chair has the authority under Texas law to authorize his political party to hold primary elections. Defendant Munisteri may be served by delivering a copy of the summons and the complaint to The Republican Party of Texas at 1108 Lavaca, Suite 500; Austin, Texas 78701.

11.     Defendant Gary Locke is the United States Secretary of Commerce. Under 13 U.S.C. § 141, he is responsible for taking the decennial census. Defendant Locke may be served by delivering a copy of the summons and the complaint to John M. Bales at U.S. Attorney's Office, Eastern District of Texas, 110 North College, Suite 700, Tyler, Texas 75702; The U.S. Attorney General at Department of Justice, 950 Pennsylvania Avenue N.W., Washington, D.C. 20530; and Gary Locke at U.S. Department of Commerce, Herbert C. Hoover Building, 14th & Constitution Avenue N.W., Mail Stop 5875 HCHB, Washington, D.C. 20230.

12.     Defendant Robert Groves is the Director of the United States Bureau of the Census. He oversees the Census survey operations. Defendant Groves may be served by delivering a copy of the summons and the complaint to John M. Bales at U.S. Attorney's Office, Eastern District of Texas, 110 North College, Suite 700, Tyler, Texas 75702; The U.S. Attorney General at Department of Justice, 950 Pennsylvania Avenue N.W., Washington, D.C. 20530; and Robert Groves at U.S. Census Bureau, 4600 Silver Hill Road, Washington D.C. 20233.

## II.
## JURISDICTION & VENUE

13.     Plaintiffs' Complaint raises questions arising under the United States Constitution and Texas Constitution, as amended, and state and federal law.

14.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1343(a)(3) and (4), and 1357; and 42 U.S.C. §§ 1983 and 1988.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e).

16. Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Plaintiffs request a three-judge panel pursuant to 28 U.S.C. § 2284.

### III.
### FACTUAL ALLEGATIONS

18. Section 2 of Article I of the United States Constitution, as amended by Section 2 of the Fourteenth Amendment, provides, in part, that: "Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State. . . ." The Equal Protection Clause of Section I of the Fourteenth Amendment requires states to construct legislative districts that are substantially equal in total population. Taken together, these provisions establish the constitutional guarantee of "one-person, one-vote."

19. Section 2 of the Voting Rights Act of 1965 (42 U.S.C. § 1973), as amended, prohibits the enforcement of any standard, practice or procedure that results in the denial or abridgement of the right to vote on account of race or color.

20. The purpose of the decennial Census is to apportion the 435 seats in the U.S. House of Representatives among the 50 states, and prompt the drawing of new boundaries for congressional, state, and local election districts.

21. The 2010 U.S. Census figures show that Texas' total "population" is 25,145,561. Those figures further show that Texas is now entitled to thirty-six (36) Representatives in Congress—an increase of four Representatives since the 2000 Census. Using these figures, the ideal population for each U.S. Representative district is 698,488. The ideal population for each Texas State Senate district is 811,147. The ideal population for each Texas State House of

Representatives district is 167,637. The ideal population for each Texas State School Board district is 1,676,371.

22.     Persons counted by the 2010 U.S. Census include undocumented immigrants. Undocumented immigrants tend to reside in larger populations in areas where Hispanic citizens also reside, such as the Twenty-Third Congressional District. Because the undocumented immigrants in the Twenty-Third District cannot vote, the eligible voting population in the Twenty-Third District is disproportionately smaller than the eligible voting population in a Congressional District with a smaller population of undocumented immigrants. Plaintiffs' districts, the Fourth and Twenty-Sixth Congressional Districts, each has a smaller population of undocumented immigrants than the Twenty-Third District. As a result, the strength of Plaintiffs' votes in the Fourth and Twenty-Sixth Districts might be diluted when compared with the citizens' votes in the Twenty-Third District. This violates Article I, Section 2 of the United States Constitution. Further, the inclusion of undocumented immigrants in the U.S. Census might have the purpose and effect of strengthening the Hispanic vote, and if so this practice could violate the equal protection and due process guarantees of the Fourteenth Amendment and Fifteenth Amendment to the United States Constitution, Section 2 of the Voting Rights Act, and Article I, Sections 3, 3a, 19, and 29 of the Texas Constitution.

23.     Over the past decade, population growth and movement in Texas has been haphazard across the state. Consequently, the current thirty-two Congressional Districts in Texas are unequal in population. For example, the existing Fourth Congressional District currently has a population of approximately 818,462. Thus, the current population of the Fourth Congressional District exceeds the 2000 Census "ideal" population of 651,619 by an absolute deviation of +166,843. Because the Fourth Congressional District is overpopulated

relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of voters residing in less populous districts.

24. Similarly, the existing Twenty-Sixth Congressional District currently has a population of approximately 907,036. Thus, the current population of the Twenty-Sixth Congressional District exceeds the 2000 Census "ideal" population of 651,619 by an absolute deviation of +255,417. Because the Twenty-Sixth Congressional District is overpopulated relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of voters residing in less populous districts.

25. The existing Thirtieth Senatorial District now has a population of approximately 826,570. Thus, the current population of Senate District Thirty exceeds the 2000 Census "ideal" population of 672,639 by an absolute deviation of +153,931. Because the Thirtieth Senatorial District is overpopulated relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of the voters residing in less populous districts.

26. The existing Twelfth Senatorial District now has a population of approximately 859,848. Thus, the current population of Senate District Twelve exceeds the 2000 Census "ideal" population of 672,639 by an absolute deviation of +187,209. Because the Twelfth Senatorial District is overpopulated relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of the voters residing in less populous districts.

27. Likewise, the existing Sixty-Second State House District now has a population of approximately 153,029. Thus, the current population of the Sixty-Second State House District exceeds the 2000 Census "ideal" population of 139,012 by an absolute deviation of +14,017. Because the Sixty-Second State House District is overpopulated relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of the voters residing in less

populous districts.

28.     The existing Sixty-Third State House District now has a population of approximately 219,539.  Thus, the current population of the Sixty-Third State House District exceeds the 2000 Census "ideal" population of 139,012 by an absolute deviation of +80,527.  Because the Sixty-Third State House District is overpopulated relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of the voters residing in less populous districts.

29.     The existing Sixty-Fifth State House District now has a population of approximately 219,539. Thus, the current population of the Sixty-Fifth State House District exceeds the 2000 Census "ideal" population of 139,012 by an absolute deviation of +80,527.  Because the Sixty-Fifth State House District is overpopulated relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of the voters residing in less populous districts.

30.     Finally, the existing Fourteenth State Board of Education District now has a population of approximately 1,674,583.  Thus, the current population of the Fourteenth State Board of Education District exceeds the 2000 Census "ideal" population of 1,390,121 by an absolute deviation of +284,462.  Because the Fourteenth State Board of Education District is overpopulated relative to other districts in the State, the strength of Plaintiffs' votes are worth less than the strength of the voters residing in less populous districts.

31.     The Texas Legislature convened on January 11, 2011, and adjourns *sine die* on May 30, 2011.  As of May 26, 2011, the Texas Legislature (i) has enacted into law the redistricting of the State Board of Education Districts based on the 2010 Census data, (ii) has prepared a redistricting of the State Senate Districts and the State House Districts based on the 2010

Census data, although such redistricting is not yet enacted as law; and (iii) has opted not to conduct the redistricting process with respect to the U.S. Congressional Districts in Texas.

32.     This Court's intervention is necessary to ensure that nondiscriminatory population calculations are used in Texas to enact new U.S. Congressional, State Senate, State House, and State Board of Education Districts.  Plaintiffs' Congressional Districts presently and will continue to exceed the 2010 Census "ideal" population and result in the dilution of Plaintiffs' vote.  Plaintiffs' State Senate, State House, and State Board of Education Districts presently are or will certainly be based on 2010 Census data in such a manner as to dilute Plaintiffs' vote compared to Districts in Texas with greater numbers of undocumented workers.  Plaintiffs' Congressional Districts also presently are and will continue to be based on Census data in such a manner as to dilute Plaintiffs' vote compared to Districts in Texas with greater numbers of undocumented workers.

## IV.
## CAUSES OF ACTION

### COUNT 1

33.     Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

34.     The facts set forth above demonstrate a violation of Section 2 of Article 1 of the United States Constitution, as amended by Section 2 of the Fourteenth Amendment.

### COUNT 2

35.     Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

36      The facts set forth above demonstrate a violation of the Equal Protection Clause of Section

1 of the Fourteenth Amendment to the United States Constitution.

### COUNT 3

37. Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

38. The facts set forth above demonstrate a violation of the Privileges or Immunities Clause of Section 1 of the Fourteenth Amendment to the United States Constitution.

### COUNT 4

39. Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

40. The facts set forth above demonstrate a violation of the Fifteenth Amendment to the United States Constitution.

### COUNT 5

41. Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

42. With regard to State Defendants, the facts set forth above demonstrate a violation of Section 1983 of Title 42 of the United States Code.

### COUNT 6

43. Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

44. The facts set forth above demonstrate a violation of the Section 2c of Title 2 of the United States Code because the current number of congressional districts no longer equals the number of Representatives to which the State of Texas is entitled under federal law.

## COUNT 7

45. Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

46. The facts set forth above demonstrate a violation of Section 2 of the Voting Rights Act (42 U.S.C. § 1973).

## COUNT 8

47. Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

48. The facts set forth above demonstrate a violation of Article I, Sections 3, 3a, 19, and 29 of the Texas Constitution.

## COUNT 9

49. Plaintiffs reallege and incorporate by reference each of the allegations in the preceding paragraphs of this Complaint.

50. The facts set forth above demonstrate a violation of Article III, Section 26 of the Texas Constitution.

## V.
## PRAYER

THEREFORE, Plaintiffs request that this Court award the following relief:

51. Assume jurisdiction over this action and convene a three-judge court pursuant to 28 U.S.C. § 2284;

52. Declare that the use of inaccurate census data for purposes of reapportionment and redistricting in the State of Texas denies Plaintiffs their rights as guaranteed by the United States Constitution and federal law;

53. Grant preliminary and permanent injunctive relief restraining and enjoining the State

Defendants from using the inaccurate 2010 census population counts for reapportionment of Texas Congressional, State Senate, State House, and State School Board Districts;

54. Order into effect an adjustment of the 2010 census population by Federal Defendants or State Defendants to be used in the reapportionment of Texas Congressional, State Senate, State House, and State Board of Education Districts;

55. Declare the current Texas Congressional, State Senate, State House, and State School Board Districts to be unconstitutional and of no further force and effect;

56. Enjoin the use of the current Texas Congressional, State Senate, State House, and State School Board Districts in future elections;

57. Award reasonable attorneys fees, including costs and fees and expenses against all Defendants, as authorized by law under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 42 U.S.C. § 1973$l$(e);

58. Such other and further relief, both special and general, at law or in equity, to which Plaintiffs may be justly entitled.

    Respectfully submitted,

HULL HENRICKS LLP
221 West 6th Street, Suite 960 Austin, Texas 78701-3407 512 472-4554 telephone
512 494-0022 facsimile

*/s/ Michael S. Hull*
Michael S. Hull
State Bar No. 10253400
mhull@hhm-llp.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I certify that on May 27, 2011 the foregoing document was served on all parties or their counsel of record through the CM/ECF system:

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
*Counsel for Intervenors Mexican American Legislative Caucus*

David J. Schenck
Office of the Attorney General
PO Box 12548
Austin, Texas 787111
*Counsel for State of Texas, Rick Perry, David Dewhurst, Joe Strauss, and Hope Andrade.*

Chad W. Dunn
Texas Democratic Party
Brazil & Dunn
4201 FM 1960 West, Suite 530
Houston, Texas 77068
*Counsel for Defendant Boyd Richie*

                */s/Michael S. Hull*
                Michael S. Hull