UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTIRCT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KAAREN TEUBER, et al.,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | **Civil Action No.** 5:11-cv-00572-OLG-JES-XR |
| **STATE OF TEXAS; RICK PERRY, et al.,** | § § § § | |
| Defendants, | § § | |
| **MEXICAN AMERICAN LEGISLATIVE CAUCUS,** | § § § § | |
| Defendant Intervenor, | § § | |
| **TEXAS LATINO REDISTRICTING TASK FORCE,** | § § § § | |
| Defendant Intervenor. | § | |

## DEFENDANT-INTERVENOR TEXAS LATINO REDISTRICTING TASK FORCE RESPONSE TO PLAINTIFFS' MOTION FOR DISMISSAL WITHOUT PREJUDICE

Defendant-Intervenor Texas Latino Redistricting Task Force (the "Task Force"), et al., hereby responds to Plaintiffs' Motion to Dismiss without prejudice. While the Task Force does not oppose dismissal, it respectfully requests that the Court dismiss the case *with* prejudice.

First, the core claim in this case— excluding noncitizens from apportionment— is not viable in the Fifth Circuit. The law is settled. Over ten years ago, the Fifth Circuit held that it is constitutional to draw districts based on total population figures. *Chen v. City of Houston*, 206 F.3d 502 (5th Cir. 2000) ("Houston did not violate the Equal Protection Clause [by using total population figures]."). Thus, Plaintiffs had no legitimate legal basis to bring their claims.

Second, Plaintiffs have forced Defendants in this case to expend significant resources to oppose the case. *See* Dkts. 3 (MALC Motion to Intervene with Motion to Dismiss), 11 (Richie Motion to Dismiss), 24 (State Motion to Dismiss), 25 (State Motion for a More Definite Statement), 37 (Federal Motion to Dismiss), 49 (State Motion to Dismiss II), 61 (MALC Motion to Dismiss II). The motions to dismiss currently pending before the Court could have resolved these claims with prejudice, barring Plaintiffs from re-filing their claims again in a different forum. Plaintiffs should not be permitted to dismiss without prejudice when these motions are pending because such a dismissal will allow them later to re-file their frivolous claims at an additional cost to the State of Texas, the federal government, the federal courts, and any other defendants.

Third, the timing of Plaintiffs' motion, when combined with the lack of reason provided for their sudden unwillingness to prosecute their claims, suggests that Plaintiffs were forum shopping. Plaintiffs prosecuted their claim in the Eastern District of Texas, but when the case was moved to the Western District (where their attorney is located), they suddenly moved to dismiss. Very little has changed since the transfer— for example, the case is still scheduled for trial this autumn— except for the Judges. Plaintiffs should not be able to re-litigate their case by later filing a similar complaint in front of judges they think will help them the most.[1]

---

[1] Plaintiffs' previously-filed Rule 41(a)(1)(A)(i) dismissal (of the federal defendants) is further evidence that they may re-file in a forum they deem more friendly. Dkt. 47. In that document, Plaintiffs noted they "file this notice of dismissal of the Federal Defendants with the intention of dismissing the case under FRCP 41(a)(1)(A)(i) without prejudice to refiling [sic]." Dkt. 47, at pp. 1-2.

For the foregoing reasons, the Task Force respectfully requests that the Court dismiss this case with prejudice.

Respectfully submitted,

Nina Perales
State Bar No. 24005046
Rebecca M. Couto
California State Bar No. 248019
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
110 Broadway St., Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org, rcouto@maldef.org

By: /s/ Nina Perales
    Nina Perales

*Attorneys for Defendant-Intervenors*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas on the 27th day of July, 2011.

/s/ Rebecca M. Couto
Rebecca M. Couto